Citation Nr: 1826229 
Decision Date: 04/27/18 Archive Date: 05/07/18

DOCKET NO. 13-28 276 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Baltimore, Maryland


THE ISSUE

Entitlement to service connection for a low back disability.


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

B. N. Quarles, Associate Counsel


INTRODUCTION

The Veteran served on active duty in the United States Navy from October 1961 to October 1963.

This case comes before the Board of Veterans' Appeals (Board) on appeal from an August 2009 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Baltimore, Maryland. In March 2014, the case was remanded for further development. 

The issue on appeal was previously denied by the Board in a May 2015 decision. The Veteran appealed the decision to the U.S. Court of Appeals for Veterans Claims (Court). In a February 2016 Joint Motion for Remand (JMR), the Court vacated the May 2015 decision and remanded the issue to the Board. 

In April 2016, the Board remanded the issue to the RO to give notice to the Veteran regarding authorizations and information needed to substantiate the Veteran's claim and to obtain a medical opinion to address the etiology of the Veteran's low back disability. The RO issued a Supplemental Statement of the Case (SSOC) in November 2016, and the case was returned to the Board for review.

In April 2017, the Board again denied the issue on appeal. The Veteran appealed the decision to the Court. In a November 2017 JMR, the Court vacated the April 2017 decision and remanded the issue back to the Board.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

As noted above, the issue of service connection for a low back disorder was previously denied by the Board in an April 2017 decision. The Veteran appealed the decision to the Court. In a November 2017 JMR and subsequent order, the Court vacated and remanded the issue to the Board. Specifically, the JMR noted that the Board had erred in finding that VA satisfied its duty to assist by relying upon an inadequate VA examination.

The Board finds that a remand is warranted, as the July 2016 VA medical opinion is inadequate. In April 2016, the Board had remanded the claim for service connection for a low back disorder in order to obtain a medical opinion regarding the likely etiology of the Veteran's currently diagnosed low back disorder. Specifically, the Board's April 2016 remand directive requested that the examiner provide an opinion as to whether it is at least as likely as not that "the Veteran's current low back disability had its onset during service, or is otherwise related to any in-service disease, event, or injury, including the Veteran's assertion that he hurt his back from being thrown to the ceiling of the plane, hitting his head, and compressing his spine."

A medical opinion was obtained in July 2016. The VA medical examiner provided a negative nexus opinion, and her rationale to support her opinion was predicated on the absence of supporting evidence in the Veteran's treatment records. The examiner did not discuss the Veteran's lay contentions of an in-service injury, instead relying on silent service treatment records and post service records. In addition, the Veteran stated he did not seek treatment. The Board finds that the July 2016 VA medical opinion failed to address whether the Veteran's asserted in-service injury caused his current low back condition. See Dalton v. Nicholson, 21 Vet. App. 23, 39 (2007) (finding a VA medical opinion inadequate because the examiner ignored lay evidence regarding an in-service injury). Although the examiner noted the Veteran's lay assertion that he hurt his back from being thrown to the ceiling of the plane and hitting his head, and compressing his spine, an opinion regarding a possible relationship between such in-service injury and the current disability was not provided. Therefore, the Board finds that a new medical opinion is warranted. See also Stegall v. West, 11 Vet. App. 268, 271 (1998) (holding that a remand by the Board "confers upon the veteran, as a matter of law, the right to compliance with the remand orders"); see also Dyment v. West, 13 Vet. App. 141, 146-47 (1999) (holding that only substantial, and not absolute, compliance with remand orders is required).

Accordingly, the case is REMANDED for the following action:

1. Contact the Veteran and request authorization to obtain any outstanding records pertinent to the claim, including any private treatment records following proper VA procedures (38 C.F.R. § 3.159 (c)).

2. After completing the requested development, forward the Veteran's claim file to the July 2016 examiner, and if that individual is unavailable, forward the Veteran's claims file to a qualified medical professional in order to obtain a new VA orthopedic medical opinion concerning the Veteran's low back disorder. 

Provide an opinion as to whether it is at least as likely as not (i.e., a 50 percent or greater probability) that the Veteran's current low back disability had its onset during service, or is otherwise related to any in-service disease, event, or injury, including the Veteran's assertion that he hurt his back from being thrown to the ceiling of the plane, hitting his head, and compressing his spine.

The absence of evidence of in the treatment records cannot, standing alone, serve as the basis for a negative opinion. The examiner must address the Veteran's lay contentions of an in-service injury.

If an examination is deemed necessary, such should be scheduled.

The examiner must provide a comprehensive report including complete rationales for all opinions and conclusions reached, citing the objective medical findings leading to the conclusions. The examiner must consider the lay statements of record. The examiner is advised that the Veteran is competent to report symptoms and treatment, and that his reports must be taken into account in formulating the requested opinion and accompanying rationale. 

3. Finally, after completing the above actions, as well as any other development that may be warranted, readjudicate the Veteran's claim in light of all the evidence of record. If the benefit sought on appeal remains denied, a Supplemental Statement of the Case must be provided to the Veteran and his representative. After the Veteran and his representative have had an adequate opportunity to respond, the appeal must be returned to the Board for appellate review.

The Veteran has the right to submit additional evidence and arguments on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This appeal must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).



_________________________________________________
A. C. MACKENZIE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252 (2012), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).